UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT GRAYNED, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.  4:22-cv-00470-SRC |
| | ) | |
| WALGREENS "WALGREENS CO.", | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

Lamont Grayned sued Walgreens for "$10,442,017" in Missouri state court after he

slipped, fell, and injured his ankle.  Walgreens removed the case to this Court on the basis of

diversity jurisdiction, though the Court quickly questioned whether the amount in controversy

really exceeded $75,000 and ordered Walgreens to submit evidence proving that fact.  Because

the submitted materials fail to satisfy the Court that it has jurisdiction, the Court remands the

case.

**I.     Background**

In March 2022, Grayned filed a complaint[1] against Walgreens in state court, requesting

$10,442,017 in damages.  Doc. 1-1 at p. 1; Doc. 4 at p. 4.  Grayned claims that, while patronizing

a Walgreens store in November 2019, he slipped and fell because of a hole in the store's parking

lot.  Doc. 4 at p. 1.  He says that he suffered a "complete tear/rupture" of his Achilles tendon,

among other injuries, and that these injuries resulted in significant medical expenses, lost wages,

_____

[1] A "petition" in Missouri state court serves as the analogue of a federal "complaint," and the
Court uses the latter term.

pain, suffering, and mental anguish.  *Id.* at pp. 1–2.  Walgreens removed the case to this Court based on diversity jurisdiction.  Doc. 1 at ¶ 16.

The Court, concerned that it may lack jurisdiction because this case does not involve an amount in controversy exceeding $75,000, ordered Walgreens, the removing party, to prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum.  Doc. 5.  Both Walgreens and Grayned responded to the Court's order.  *See* Docs. 8, 10, 11.

Despite that the Court directed its order to Walgreens, Grayned responded first.  In his unsworn supplemental materials, Grayned explains how he used an "insurance calculator" to "come up with the cost of $10,442,017."  Doc. 8 at p. 2.  Grayned summarily claims that he suffered $780,167 in lost wages, $4,500,000 in lost future earnings, $10,350 in past medical expenses, $151,500 in future medical expenses, and $5,000,000 in pain-and-suffering damages.  *Id.*  Among other assertions, he states that his "life has been disastrous in every aspect . . . since the occurrence" and that he "has not worked since the occurrence."  *Id.* at p. 3.  Grayned also attached a handful of exhibits to his brief, including medical records, e-mail exchanges between him and insurance representatives, and a photograph of the hole he says caused him to fall.  *Id.* at pp. 5–16.

When Walgreens responded to the Court's order, it submitted no evidence supporting the Court's jurisdiction, and instead asked the Court to find that it has jurisdiction "[b]ased on the allegations contained in Plaintiff's Petition, combined with the statements and evidence presented in Plaintiff's Supplemental Brief."  Doc. 10 at p. 3.  After Walgreens's filed its response, Grayned also filed a short supplement to his prior submission.  Doc. 11.

## II.      Standard

A defendant may remove to federal court any state-court civil action over which the

federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  However, the federal

court must remand the case to the state court if it appears at any time that the federal court lacks

subject matter jurisdiction.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010);

28 U.S.C. § 1447(c).  "[A] defendant's notice of removal need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold," but when the Court

"questions" the defendant's allegation, as it did in its prior order, Doc. 5, "[e]vidence

establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B)."  *Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "The [removing] defendant bears the

burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro*

*Prods. Liab. Litig.*, 591 F.3d at 620.  "All doubts about federal jurisdiction should be resolved in

favor of remand to state court."  *Id.*

## III.     Analysis

Walgreens argues that the Court can exercise jurisdiction over this case pursuant to 28

U.S.C. § 1332(a)(1), which provides that district courts "have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States . . . ."  Supplying no evidence of

its own to establish the jurisdictional amount in controversy, Walgreens points to Grayned's

complaint and supplemental materials to support its claim "that the preponderance of the

evidence . . . establishes that more than $75,000 is in controversy."  Doc. 10 at p. 3.  Walgreens

specifically asks the Court to consider that Grayned "expressly pleaded that his damages grossly

exceed [t]his Court's jurisdictional minimum" and that he suffered "severe personal injuries."
*Id.* at p. 2.

### A.      Grayned's complaint

The Court first considers whether Grayned's state-court complaint establishes the amount in controversy.  When a party seeks removal based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A).  In that case, "the notice of removal may assert the amount in controversy."  *Id.*  In his complaint, Grayned pleaded that he seeks $10,442,017 in damages.  But Missouri law does not permit a plaintiff to plead a sum certain:  "no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority[.]"  Mo. Rev. Stat. § 509.050.1(2).  Instead, a litigant must only plead that the demand is more or less than $25,000.  *See* Mo. Rev. Stat. § 517.011 (specifying that Associate Circuit Court jurisdiction extends to matters that do not exceed $25,000).  Moreover, "[w]here, as here, state law forbids pleading a specific amount in the complaint, any attempt to do so is a legal nullity."  *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).  Thus, the Court must construe Grayned's complaint as one that does not plead a specific sum and does not consider the amount demanded in the complaint as evidence of the amount in controversy.

### B.      Grayned's supplemental materials

The Court next considers whether Granyed's supplemental materials establish the amount in controversy by a preponderance of the evidence.  Grayned did not submit his statements and exhibits with any attestation under penalty of perjury such that the Court is assured of the

materials' authenticity and accuracy.  *See* Docs. 8, 11.  The Federal Rules of Evidence require

such attestation.  Fed. R. Evid. 603, 901(a).  A party's *ipse dixit* does not suffice.  *See Country*

*Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1006 (8th Cir. 2000) (an unverified

and unauthenticated exhibit is a "legal nullity").  Thus, Grayned's statements and exhibits cannot

satisfy the Court that Walgreens has met its preponderance-of-the-evidence burden of proof

because Grayned's statements and exhibits simply are not admissible evidence.

Moreover, Grayned tells the Court that he seeks millions of dollars across several

categories of damages.  Doc. 8 at p. 2.  Yet, Grayned provides no basis for his estimates other

than generalized statements like that his "life has been disastrous" since his alleged fall.  *Id.* at p.

3.  Grayned's vague statements do not support his extravagant estimates.  For example, in

support of his assertion that he expects to suffer $4,500,000 in future lost earnings Grayned

states:

> Future lost wages:( 15yrs plus 55 is 70 yrs but my full retirement age is 72 and
> my Father is 73 and his Father passed at 90)
>
> working for company – 120000 x 15 = $1.800000
>
> Businesses – 182000 x 15 = $2.700000

*Id.* at p. 2.  Grayned's damage estimate lacks documentary support, provides no factual

basis for his lost wages or "Businesses," and rests on rank speculation untethered from

the allegations in his complaint.  And Grayned offers similarly conclusory figures and

analysis as to his other claimed categories of damages.  The Court requires more than

unsupported dead reckoning to find that a ruptured Achilles can cause such inordinate

damages.  *Dart Cherokee*, 574 U.S. at 89; *In re Prempro Prods. Liab. Litig.*, 591 F.3d at

620.  Thus, the Court finds that Walgreens fails to carry its burden to show that the

amount in controversy exceeds $75,000 and concludes that it lacks jurisdiction to hear

this case.  *See* 28 U.S.C. § 1332(a)(1).

## IV.     Conclusion

Because Walgreens fails to prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000, the Court remands this case to the St. Louis County Circuit Court,

and, pursuant to 28 U.S.C. § 1447(c), orders the Clerk of Court to mail a certified copy of this

order of remand to the clerk of the state court.

So Ordered this 7th day of July 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE